IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARMEN COSTA                          :

    v.                                    :        CIVIL NO. RDB-05-2330

GREGORY S. DOMER. et al.              :

## MEMORANDUM OPINION

The Plaintiff Carmen Costa, a citizen of the State of New York, filed the instant action against the Defendants Gregory S. Domer, Frank J. Criado, M.D., and Frank J. Criado, M.D., P.A., in the Circuit Court for Baltimore City on July 13, 2005, alleging acts of negligence on the part of all the Defendants.  On August 24, 2005, the Defendants filed a Notice of Removal removing the case to this Court based on diversity of citizenship, pursuant to 28 U.S.C. § 1441(a).  On August 26, 2005, the Plaintiff Costa filed a Motion to Remand this case contending that this Court lacks removal jurisdiction over the case because all of the Defendants are residents of the State of Maryland.  For the reasons that follow, the Plaintiff's Motion to Remand this case to the Circuit Court for Baltimore City is granted.

## DISCUSSION

Plaintiff seeks remand of the case contending that the removal was improper based on the fact that all of the Defendants are residents of the State of Maryland, the state in which her action was filed.  Defendants contend that removal is proper because there is complete diversity between the Plaintiff and Defendants.

Federal district courts have original jurisdiction over claims in which the amount in controversy exceeds $75,000 and the citizens of one state are proceeding against

citizens of other states, domestic or foreign. 28 U.S.C. § 1332.  This "diversity jurisdiction" is premised upon the need to "protect the out-of-state party from any biases of the home party's local tribunal." *Enviro-Gro Technologies v. Greeley & Hansen*, 794 F. Supp. 558, 559 (E.D.Pa.1992) (citing *Burgess v. Seligman,* 107 U.S. 20, 34 (1883)). That rationale does not apply, however, where "the out-of-state party voluntarily chooses to sue in the state court of the defendant's home state." *Id.*  Thus, Congress has expressly provided that removal is proper "only if *none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" 28 U.S.C. § 1441(b) (emphasis supplied).

In this case, there is no dispute that all of the Defendants are Maryland residents. Nor is there a dispute as to the fact that Plaintiff's negligence claims do not implicate federal law.  Accordingly, pursuant to 28 U.S.C. § 1441(b), this Court lacks federal removal jurisdiction over the case, and Plaintiff's Motion to Remand the case to Circuit Court for Baltimore City will be granted.  *See* 28 U.S.C. § 1447(c) (remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); *Richardson v. Phillip Morris Inc.,* 950 F. Supp. 700, 701-702 (D. Md.1997) (noting that removal jurisdiction is not proper where the defendant is a resident in state in which the action was brought).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is GRANTED.  A separate Order follows.

/s/
Richard D. Bennett
Dated:   October 24, 2005                                       United States District Judge

3